**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CASE NUMBER:**    2:26-cv-01905-DCN

United Specialty Insurance Company,

                                   Plaintiff,

v.

Vanderpool Concepts LLC; and
Alpha Omega Construction Group, Inc.,

                                   Defendants.

**COMPLAINT**
**(Declaratory Judgment)**
**(Non-Jury)**

The Plaintiff seeks declaratory relief to determine the rights of the parties.  Plaintiff United Specialty Insurance Company ("United Specialty"), with regard to the above-named Defendants, would respectfully allege and show as follows:

## JURISDICTION

1.      United Specialty is an insurance company organized and existing under the laws of the State of Texas with its principal place of business in Texas; United Specialty is authorized to transact business in the State of South Carolina.

2.      Upon information and belief, Defendant Vanderpool Concepts LLC (hereinafter "Vanderpool") is a limited liability company organized on existing under the laws of the State of South Carolina, and its principal place of business was in South Carolina.

3.      Upon information and belief, Defendant, Alpha Omega Construction Group, Inc. (hereinafter "Alpha Omega") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina.

4.      This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy

between the parties, and by these proceedings United Specialty asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

5.     The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, or a substantial part of property that is the subject of the action is situated in this District.

## FACTUAL ALLEGATIONS

7.     United Specialty issued Commercial General Liability (CGL) policy number DBRTM001299-00  to Vanderpool for the period from October 5, 2020 to October 5, 2021.  A copy of this policy is attached as Exhibit A.

8.     The above-referenced policy (hereinafter "the Policy") provides coverage for certain risks under the insuring agreement and excluded certain risks through policy exclusions. Plaintiff craves reference to the Policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

9.     The insuring agreement of the Policy provides in relevant part as follows:

**SECTION I - COVERAGES**

**COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

 **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  . . . .

 **b.**  This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" . . . ; [and]

**(2)** The "bodily injury" or "property damage" occurs during the policy period . . . .

10.     The Policy defines "occurrence" as follows:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

11.     The Policy defines "property damage" as follows:

**20.** "Property damage" means:

a.   Physical injury to tangible property, including all resulting loss of use of that property. . . . .

12.     The Policy contains Endorsement CIC 2012 0717, which provides in relevant part as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CONDOMINIUM OR TOWNHOUSE LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2.** Exclusions; and
**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY, 2.** Exclusions, are amended to include the following exclusion:

We will have no duty to defend the insured against any suit seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

This insurance does not apply to:

(1) Claims whether or not within the "products-completed operations hazard" arising from, related to or in any way connected with "your work" or "your product" which is part of or incorporated into or upon a condominium, townhouse, mixed-use project involving commercial uses with condominiums, townhouse, and any and all associated, appurtenant structures and common areas or to personal injury or advertising injury arising or resulting from your operations performed upon, at a condominium,

townhouse, mixed-use project involving commercial uses with condominiums, townhouse, and any and all associated, appurtenant structures and common areas .

This Exclusion applies to "property damage", "bodily injury", "personal and advertising injury" arising from, related to or connected with ongoing operations and/or completed operations, including "your work" or "your product", performed or supplied with respect to any apartment project or structure which, at the time a claim for such "property damage", "bodily injury", "personal and advertising injury" is first made, has been or is being converted into a condominium or townhouse, whether your operations, including "your work" or "your product", were performed, incorporated or supplied before or after the apartment was converted to a condominium or townhouse.

(2) A project or development of condominiums, townhouse, mixed-use project involving commercial uses with condominiums, townhouse, and any and all associated, appurtenant structures and common areas includes such projects or developments where any or all of the units are held for rental or lease.

(3) Liability for "property damage", "bodily injury", or "personal and advertising injury" of any insured, or any person or entity for which you have assumed liability in an "insured contract", arising from, related to or in any way connected with the operations on or products supplied to a condominium, townhouse, mixed-use project involving commercial uses with condominiums, townhouse, and any and all associated, appurtenant structures and common areas.

13.     The Policy contains Endorsement TM 220 01 20, which provides in relevant part as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**USE OF EXTRINSIC EVIDENCE FOR DUTY TO DEFEND**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**Section I—COVERAGES, COVERAGE B — BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **Coverage B — PERSONAL INJURY AND ADVERTISING LIABILITY,** are each amended to add the following provision:

We may look to and consider extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against any "claim" or "suit".

We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result.

All other terms, conditions and exclusions under this policy are applicable to this

Endorsement and remain unchanged.

14.     The claim at issue arises from an action filed in the Court of Common Pleas for Charleston County styled as follows: <u>Midtown Townhomes HPR Owners Ass'n., Inc. v. Lennar</u>

Carolinas, LLC, *et al.*, Civil Action number 2022-CP-10-04509 (hereinafter "Underlying Lawsuit"). A copy of the Third Amended Complaint is attached as Exhibit B.

15. The Third Amended Complaint alleges that Midtown Townhomes consists of 15 buildings that host 72 "townhouse style condominiums within their walls."

16. The Plaintiff in the Underlying Lawsuit describes itself as a homeowners association (HOA) created by a Master Deed to manage the affairs of the Midtown Horizontal Property Regime. The HOA defines itself by reference to the Horizontal Property Regime Act.

17. Upon information and belief, the referenced Master Deed describes the Project at issue as a Horizontal Property Regime and expresses intent "to form a condominium/horizontal property regime" pursuant to the South Carolina Horizontal Property Act, S.C. Code Ann. § 27-31-10, *et seq.* (1976). A copy of the Master Deed is attached as Exhibit C.

18. The Third Amended Complaint alleges the Midtown Townhomes were defectively constructed.

19. Alpha Omega is named as a defendant in the Underlying Lawsuit. As alleged, Alpha Omega was a subcontractor that installed the roof systems and associated components at Midtown.

20. Alpha Omega filed an Answer and third-party claim in the Underlying Lawsuit. A copy is attached as Exhibit D.

21. Alpha Omega named Vanderpool as a third-party defendant in the Underlying Lawsuit. Vanderpool allegedly "provided materials and/or labor at the Project as an Alpha Omega subcontractor."

22. The third-party claim asserts claims against Vanderpool for indemnity, negligence, breach of warranty, and breach of contract.

23.     United Specialty is currently defending Vanderpool in the Underlying Lawsuit under reservation of rights.

## FOR A FIRST DECLARATION

24.     United Specialty repeats, re-alleges, and incorporates paragraphs 1 through 23 as if fully set forth herein verbatim.

25.     The Policy excludes coverage for claims for "property damage" arising from, related to or in any way connected with Vanderpool's work that is part of or incorporated into a condominium project.

26.     Midtown Townhomes is a condominium project.

27.     Therefore, United Specialty requests a declaration that the Policy does not provide coverage for this claim.

## RESERVATION OF RIGHTS

28.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 27 as if fully set forth herein verbatim.

29.     United Specialty reserves its right to assert coverage defenses that are not raised in this action.

30.     United Specialty reserves its right to amend its pleadings in this action to assert any defenses that may be found to apply or that may be necessitated by responsive pleadings or motions during the course of this action.

Accordingly, United Specialty requests that this honorable Court inquire into these matters and declare that United Specialty owes no duty to defend or indemnify because coverage does not exist for this claim, together with United Specialty's costs and disbursements incurred and such other and further relief as the court may deem just and proper.

Respectfully submitted,

MURPHY & GRANTLAND, P.A.

*s/Timothy J. Newton*
Timothy J. Newton, Esquire (Fed. I.D. #9807)
Post Office Box 6648
Columbia, South Carolina 29260
 (803) 782-4100
tnewton@murphygrantland.com
Attorney for Plaintiff

Columbia, South Carolina
May 8, 2026